IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JOSEPH TRIPLETT                                                                      PETITIONER

v.                                                                                   No. 4:05CV129-P-B

SUPERINTENDENT RONALD KING, ET AL.                                                   RESPONDENTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Joseph Triplett for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the petition as untimely filed, and the petitioner has responded. The matter is ripe for review. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be dismissed with prejudice as untimely filed under 28 U.S.C. § 2244(d).

**Facts and Procedural Posture**

On October 1, 1998, Joseph Triplett was convicted in the Circuit Court of Washington County of one count of possession of more than one kilogram of marijuana with intent to sell and on one count of possession of cocaine. He was sentenced to serve sixty years in the Mississippi Department of Corrections on the conviction for possession of marijuana with intent to sell and six years on the conviction for possession of cocaine. On January 22, 2002, the Mississippi Court of Appeals affirmed the petitioner's convictions and sentences. *Triplett v. State*, 814 So.2d 158 (Miss.App. 2002), *reh'g denied,* April 16, 2002 (Cause No. 1999-KA-00290-COA). The petitioner did not seek to have the Mississippi Supreme Court review the decision of the Mississippi Court of Appeals under Rule 17 of the Mississippi Rules of Appellate Procedure. The

petitioner filed an application for leave to file a motion for post-conviction relief September 16, 2002. The application was denied by the Mississippi Supreme Court April 2, 2003. The petitioner filed a second state court petition for post-conviction relief November 29, 2004; the Mississippi Supreme Court dismissed that petition as successive on December 29, 2004. (Cause No. 2004-M-02355).

The petitioner's family paid attorney George T. Kelly, Jr. ("Mr. Kelly") a $750.00 retainer on July 18, 2003.[1] Mr. Kelly agreed to visit the petitioner and review his documents. The petitioner's family met with Mr. Kelly in December 2003, at which time he agreed to represent the petitioner in filing a federal petition for a writ of *habeas corpus*. Mr. Kelly charged $5,000.00 (less the $750.00 already paid as a retainer), half to be paid up front, the remainder to be paid in $210.00 monthly installments as work on the case progressed. Mr. Kelly agreed to let the petitioner's family know when the monthly installments would begin.

The petitioner's family paid Mr. Kelly the $1,750.00 remaining on the up front fee March 8, 2004. Mr. Kelly never contacted the petitioner's family about initiating the monthly payments. Lee Triplett called Mr. Kelly's home and office many times between March and December 2004, but could only reach Mr. Kelly twice during that period. During the last call in December 2004, Mr. Kelly told Lee Triplett that they had nothing left to discuss and simply hung up the telephone.

Mr. Kelly met the petitioner on two occasions, once between July and December 2003 and again in August 2004. During the first meeting, the petitioner gave his attorney all of the documents

---

[1] The facts set forth regarding the representation of Mr. Kelly and the resulting disciplinary action are contained in the September 22, 2006, Memorandum Opinion and Final Judgment of the Mississippi Supreme Court (Before a Complaint Tribunal), attached to this memorandum opinion as Exhibit "A."

he had pertaining to his criminal conviction and his subsequent challenges to that conviction. Mr. Kelly did not contact the petitioner after the August 2004 meeting. The petitioner sent frequent letters to Mr. Kelly inquiring about the status of his case; Mr. Kelly, however, failed to answer a single letter. He did not even respond to the petitioner's letter terminating his representation and demanding the return of his documents and the unearned fee. Mr. Kelly never filed the federal petition for a writ of *habeas corpus* on behalf of the petitioner. The petitioner's family initiated an informal bar complaint against Mr. Kelly on March 3, 2005. The petitioner filed an informal bar complaint on July 26, 2005. Mr. Kelly never responded to the complaints; indeed, he never responded to the formal or informal disciplinary proceedings in any way. Neither did he attend the properly noticed August 21, 2006, investigatory hearing on the matter. The Bar Complaint Tribunal issued an opinion and judgment imposing discipline for Mr. Kelly's behavior during his representation of the petitioner described above. Among other penalties, Mr. Kelly has been suspended from the practice of law for six months. The instant *pro se* petition was signed June 2, 2005, and filed with the court June 5, 2005.

## One-Year Period of Limitation for Federal *Habeas Corpus*

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. *The limitation period shall run from the latest of –*

> *(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review*;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

> C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (d) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2) (emphasis added).

The petitioner "stopped the appeal process" because he declined to seek discretionary review of the decision of the Mississippi Court of Appeals; he thus waived his right to seek review in the United States Supreme Court. *Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003). The petitioner's conviction became final, and the statute of limitations for federal *habeas corpus* relief began to run when the time for seeking further direct review in the state court expired, fourteen days from the date of entry of judgment by the Mississippi Court of Appeals on the motion for rehearing. MISS. R. APP. P. 17. The petitioner's conviction thus became final April 30, 2002, fourteen days after the Mississippi Court of Appeals denied the petitioner's request for rehearing (April 16, 2002 + 14 days). Thus, the deadline for filing his federal *habeas corpus* petition was April 30, 2003. The petitioner filed an application for leave to file a motion for post-conviction relief on September 16, 2002. The application was denied by the Mississippi Supreme Court on April 2, 2003. The petitioner's one-year period of limitation for filing a petition for a writ of *habeas corpus* was thus tolled under 28 U.S.C. § 2244(d)(2) for 198 days (September 16, 2002, to April 2, 2003). Therefore, the new deadline for the petitioner to file his federal petition for a writ of *habeas corpus* expired Friday, November 14, 2003 (April 30, 2003 + 198 days). The petitioner's

second state motion for post-conviction relief was filed after this deadline and thus did not operate to toll the federal one-year limitations period.

**Equitable Tolling**

The failure of the petitioner's attorney to file a federal petition for a writ of *habeas corpus* after being paid to do so is reprehensible. Based upon binding Fifth Circuit precedent, the petitioner is not, however, entitled to equitable tolling. The petitioner's conviction became final on April 30, 2002, but he waited until September 16, 2002 – over four months – to seek state post-conviction relief. Those seeking equitable tolling must pursue *habeas corpus* relief diligently. *Melancon v. Kaylo*, 259 F.3d 401 (5th Cir. 2001). A delay of over four months in the pursuit of *habeas corpus* relief shows that the petitioner was not diligent. *Id.* Thus, although the court acknowledges that the petitioner's former *habeas corpus* counsel failed in his duties to represent the petitioner diligently, the precedent of this circuit binds this court in the decision not to permit equitable tolling.

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on June 2, 2005, and the date it was received and stamped as "filed" in the district court on June 6, 2005. Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed 566 days after the November 14, 2003, filing deadline. As discussed above, the petitioner is not entitled to equitable tolling. The instant petition shall thus dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. §

2244(d). A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 29th day of September, 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE